1

Form S.C.C.R.-11-20M-73    SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF _____ Bronx

PEOPLE VS _Orville Brown_    INDICTMENT NO. _7005-54_

N.Y.S.I.D. NO. _____ DATE OF BIRTH _____ SEX _____

ADDRESS _____

| NOTICE OF APPEARANCE _____ 19___ | RECOGNIZANCE |
|---|---|
| FILED BY _____ | ROR _____ 19___ |
| ADDRESS _____ | BAIL FIXED _____ |
| | AMOUNT _____ |
| TELEPHONE NO. _____ | COURT CLERK _____ |
| RET ☐    L.A. ☐    18B ☐ | JUSTICE |
| SUBSTITUTION _____ 19___ | COUNSEL PRESENT _____ |
| FILED BY _____ | ON CONSENT OF ADA _____ |
| ADDRESS _____ | COURT REPORTER _____ |
| | BAILED _____ 19___ $___ |
| TELEPHONE _____ | SURETY _____ |
| RET ☐    L.A. ☐    18B ☐ | |

| | |
|---|---|
| | COURT CLERK _____ |
| | ROR REVOKED-BW _____ 19___ |
| | JUSTICE _____ |
| ARRAIGNMENT    PART _B_    19___ | BAIL FORF-BW _____ 19___ |
| PLEA _NG_    MAR 10 1994 | JUSTICE _____ |
| _Pt-57 F/W 75005 BxC_ | BAIL EXONERATED _____ |
| JUSTICE _BURTON G. HECHT_ | JUSTICE _____ |
| COUNSEL PRESENT _Webster_ | SURR. BY SURETY _____ 19___ |
| ADA PRESENT _Brown_ | |
| COURT REPORTER _Oosman_ | SUBSEQUENT ACTION RE RECOGNIZANCE |
| INTERPRETER _____ | PART _____ 19___ |
| COURT CLERK _Roy_ | |
| | JUSTICE _____ |
| ARTICLE 730 EXAMINATION | ADA PRESENT _____ |
| ORDERED _____ 19___ | COUNSEL PRESENT _____ |
| JUSTICE _____ | COURT REPORTER _____ |
| COURT CLERK _____ | COURT CLERK _____ |
| COURT REPORTER _____ | |
| | |
| ORDERED _____ 19___ | PART _____ 19___ |
| JUSTICE _____ | |
| COURT CLERK _____ | |
| COURT REPORTER _____ | JUSTICE _____ |
| | ADA PRESENT _____ |
| COMMITTED TO COMMISSIONER OF MENTAL HYGIENE: | COUNSEL PRESENT _____ |
| DATE _____ | COURT REPORTER _____ |
| JUSTICE _____ | COURT CLERK _____ |
| ADA _____ | |
| DEFENSE ATTORNEY _____ | PART _____ 19___ |
| COURT REPORTER _____ | |
| INTERPRETER _____ | COURT CLERK _____ |
| COURT CLERK _____ | JUSTICE _____ |
| | ADA PRESENT _____ |
| | COUNSEL PRESENT _____ |
| | COURT REPORTER _____ |

PEOPLE VS. _Orville Brown_    INDICTMENT _1005-94_

| | |
|---|---|
| **PLEA** | **SENTENCE** |
| _____ JUSTICE _____ | PART _PART 28 JAN 22 1996_ 19___ |
| PART _____ 19___ | COUNSEL PRESENT _James Gagliardi_ |
| DEFENDANT PLEADS GUILTY | ADA PRESENT _Maria Mostajo_ |
| BEFORE) TRIAL TO | COURT REPORTER _VICTORIA LAVERGATA_ |
| DURING) | _OFFICIAL COURT REPORTER_ |
| | INTERPRETER _____ |
| | SECTION 380.50 C.P.L. COMPLIED WITH ✓ |
| | COURT CLERK _A. DeCaro_ |

SENTENCE IMPOSED:
CPW 2° (265.03 PL)
MAXIMUM: Ten (10) yrs.
MINIMUM: Three-one-third (3⅓) yrs.
ASLT 2° (120.05 PL)
MAXIMUM: Seven yrs.
MINIMUM: Two-one-third (2⅓) yrs.
RKL ENDANG 1° (120.25 PL)
MAXIMUM: Ten (10) yrs.
MINIMUM: Three-one-third (3⅓) yrs.
to run concurrently with
one another.
(TOTAL PRISON TIME: 3⅓ yrs - 10 yrs)
MS 150 + CMF's: MERGED

| |
|---|
| COURT CLERK _____ |
| ADA CONSENTING _Maria Mostajo_ |
| COUNSEL PRESENT _James Gagliardi_ |
| COURT REPORTER _____ |
| INTERPRETER _____ |

| |
|---|
| TRIAL (NON-JURY) PART 28 DEC 7 1995 |
| COMMENCED _____ PART ___ 19___ |
| JUSTICE _GERALD SHEINDLIN J.S.C._ |
| ADA PRESENT _Maria Mostajo_ |
| COUNSEL PRESENT _James Gagliardi_ |
| COURT REPORTERS _LINDA MYERS_ |
| _CATHY CALLAHAN 12/11 & 12/12_ |
| COURT CLERK _A. DeCaro_ |
| INTERPRETER _____ |
| CONCLUDED _PART 28 DEC 18 1995_ 19___ |
| TRIED AND FOUND NOT GUILTY ☐ |
| TRIED AND FOUND GUILTY ☒ OF |

CPW 2° (265.03 PL)
AND
ASLT 2° (120.05 PL)
AND
RKL ENDANG 1° (120.25 PL)

DEFENDANT GIVEN WRITTEN NOTICE OF HIS
RIGHT TO APPEAL ✓

JUSTICE OF SUPREME COURT
GERALD SHEINDLIN J.S.C.

| | |
|---|---|
| DAILY COPY ☐ | |
| PENDING SENTENCE ON _Jan. 22, 1996_ | TITLE OF STATE PROFESSIONAL LICENSE, |
| DEFENDANT: | IF ANY _____ |
| REMANDED _GERALD SHEINDLIN J.S.C._ | IF DEFENDANT IS AN ATTORNEY |
| BAIL CONTINUED _PART 28 DEC 18 1995_ | DATE OF ADMISSION _____ |
| ROR _____ | PLACE OF ADMISSION _____ |
| | LAST OFFICE ADDRESS _____ |

SUPREME COURT OF THE STATE NEW YORK

INDICTMENT NUMBER/YEAR: *1005-94*

**SENTENCE & COMMITMENT**

Part *28*    County *BRONX*

The People of the State of New York
vs.

DEFENDANT: *ORVILLE BROWN*

Date: *JAN. 22, 1996*
Hon.: *GERALD SHEINDLIN J.S.C.*
JUSTICE

Court Reporter: *VICTORIA LAVERGATA*
OFFICIAL COURT REPORTER

| SEX | D.O.B. | NYSID NUMBER |
|---|---|---|
| M | *1-25-71* | *698757 0 J* |

The defendant having been

☒ convicted of the crime(s) of:
☐ adjudicated a Youthful Offender:

It is the Judgment of the Court that the defendant be and hereby is sentenced to

☒ an indeterminate term of imprisonment which shall have a:

☐ definite term of imprisonment of:

(specify days, months or years)

| crime(s) | minimum term (yrs) | maximum term (yrs) |
|---|---|---|
| CPW 2° (265.03 PL) | THREE AND ONE THIRD (3⅓) YRS. | TEN (10) YRS |
| ASLT 2° (120.05 PL) | TWO AND ONE THIRD (2⅓) YRS | SEVEN (7) YRS. |
| RKLS END 1° (120.25 PL) | THREE AND ONE THIRD (3⅓) YRS | TEN (10) YRS. |

☐ over ___ as a

☐ second felony offender
☐ persistent felony offender
☐ Juvenile Offender — date crime committed _____

☐ second violent felony offender
☐ persistent violent felony offender

and/or

☐ Pay a fine of $ _____ or serve a term of _____ days

and that this sentence shall run concurrent with ☐ consecutive to *SENTENCES UNDER EACH COUNT TO RUN CONCURRENTLY WITH ONE ANOTHER.*

The defendant is hereby committed to the custody of the New York City Department of Correction to be delivered to, an institution designated by the Commissioner of Correctional Services in the

☒ New York State Department of Correctional Services until released according to law.
☐ New York State Division for Youth to be housed in a secure facility until released according to law. or to be delivered to
☐ New York City Correctional Institution for Men/Women until released according to law.

The defendant shall:
☒ Pay a surcharge of $ *150.* or serve a term of _____ days ☒ from inmate funds
☒ Pay a Crime Victim Assistance Fee of $ _____ ☐ from inmate funds
☐ Not pay any surcharge or fee, being duly adjudicated indigent by the Court.

REMARKS: *TOTAL PRISON TERM: 3⅓ YRS — 10 YRS.*

NOTE: ☒ Investigation and Pre-sentence report attached.

*Hector L. Diaz*
CLERK OF COURT

BY _____
SIGNATURE

A duty assigned from the minutes

RAFAEL A. DE LEON
Associate Court Clerk
TITLE

*1-22-96*
DATE

SC-CR-5
REV. 8/93

☒ THIRD COPY FORWARDED TO BOARD OF ELECTIONS

**COURT COPY**

SUPREME (   )
BRONX, COUNTY

BRONX COUNTY COURTHOUSE
APPEALS BUREAU
851 GRAND CONCOURSE
BRONX, NEW YORK 10451

JAN 2 6 1996

PEOPLE VS.    *Orville Brown*

IND. #    *1005/94*

HON. FRANCIS X. GALDI, DEPUTY CHIEF
APPELLATE DIVISION OF THE SUPREME COURT
FIRST DEPARTMENT
27 MADISON AVENUE
NEW YORK, NEW YORK 10010

ENCLOSED PLEASE FIND APPLICATION OF THE ABOVE NAMED DEFENDANT

_____ ✓ NOTICE OF APPEAL

_____ REQUEST FOR LEAVE TO APPEAL IN FORMA PAUPERIS

_____ REQUEST FOR AN EXTENSION OF TIME IN WHICH TO FILE A
NOTICE OF APPEAL

*1/22/96* DATE OF JUDGEMENT OF CONVICTION

_____ REQUEST FOR MOTION PAPERS

_____ DATE OF ORDER OF JUSTICE

*1/25/96* DATE NOTICE OF APPEAL / MOTION PAPERS REQUEST FILED IN
THIS OFFICE

# INDICTMENT

## SUPREME COURT OF THE STATE OF NEW YORK

### COUNTY OF THE BRONX

PEOPLE OF THE STATE OF NEW YORK
                AGAINST

(J)   GREEN, GERMAINE – AFO/VFO
             DEFENDANT: 92X003832
(J)   BROWN, ORVILLE – AFO/VFO
             DEFENDANT: 92X003834

INDICTMENT #: 1005·94

GRAND JURY #: 40894/94

COUNTS

   ATTEMPTED MURDER IN THE SECOND DEGREE
      (    3 COUNTS  )
   ASSAULT IN THE FIRST DEGREE
   CRIMINAL USE OF A FIREARM IN THE FIRST DEGREE
   CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE
   RECKLESS ENDANGERMENT IN THE FIRST DEGREE
   CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FOURTH DEG.

MAR - 4 1994

FEBRUARY 25, 1994

A TRUE BILL

_Irene Henders_
   FOREPERSON

ROBERT T. JOHNSON
DISTRICT ATTORNEY

FIRST COUNT

THE GRAND JURY OF THE COUNTY OF THE BRONX BY THIS INDICTMENT, ACCUSES THE DEFENDANTS OF THE CRIME OF ATTEMPTED MURDER IN THE SECOND DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANTS, ACTING IN CONCERT WITH EACH OTHER, ON OR ABOUT JANUARY 26, 1994, IN THE COUNTY OF THE BRONX, WITH INTENT TO CAUSE THE DEATH OF A PERSON, DID ATTEMPT TO CAUSE THE DEATH OF ROBERT MILLER BY SHOOTING AT ROBERT MILLER WITH A HANDGUN.

THE SUBJECT MATTER OF THIS COUNT IS AN ARMED FELONY AS THAT TERM IS DEFINED IN SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW.

SECOND COUNT

THE GRAND JURY OF THE COUNTY OF THE BRONX BY THIS INDICTMENT, ACCUSES THE DEFENDANTS OF THE CRIME OF ATTEMPTED MURDER IN THE SECOND DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANTS, ACTING IN CONCERT WITH EACH OTHER, ON OR ABOUT JANUARY 26, 1994, IN THE COUNTY OF THE BRONX, WITH INTENT TO CAUSE THE DEATH OF A PERSON, DID ATTEMPT TO CAUSE THE DEATH OF KEVIN FINLAY BY SHOOTING AT KEVIN FINLAY WITH A HANDGUN.

THE SUBJECT MATTER OF THIS COUNT IS AN ARMED FELONY AS THAT TERM IS DEFINED IN SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW.

THIRD COUNT

THE GRAND JURY OF THE COUNTY OF THE BRONX BY THIS INDICTMENT, ACCUSES THE DEFENDANTS OF THE CRIME OF ATTEMPTED MURDER IN THE SECOND DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANTS, ACTING IN CONCERT WITH EACH OTHER, ON OR ABOUT JANUARY 26, 1994, IN THE COUNTY OF THE BRONX, WITH INTENT TO CAUSE THE DEATH OF A PERSON, DID ATTEMPT TO CAUSE THE DEATH OF ROOSEVELT LINDSAY BY SHOOTING AT ROOSEVELT LINDSAY WITH A HANDGUN.

THE SUBJECT MATTER OF THIS COUNT IS AN ARMED FELONY AS THAT TERM IS DEFINED IN SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW.

FOURTH COUNT

THE GRAND JURY OF THE COUNTY OF THE BRONX BY THIS INDICTMENT, ACCUSES THE DEFENDANTS OF THE CRIME OF ASSAULT IN THE FIRST DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANTS, ACTING IN CONCERT WITH EACH OTHER, ON OR ABOUT JANUARY 26, 1994, IN THE COUNTY OF THE BRONX, WITH INTENT TO CAUSE SERIOUS PHYSICAL INJURY TO ANOTHER PERSON, DID CAUSE SERIOUS PHYSICAL INJURY TO ROBERT MILLER, BY MEANS OF A DEADLY WEAPON OR A DANGEROUS INSTRUMENT, THAT BEING A FIREARM.

THE SUBJECT MATTER OF THIS COUNT IS AN ARMED FELONY AS THAT TERM IS DEFINED IN SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW.

FIFTH COUNT

THE GRAND JURY OF THE COUNTY OF THE BRONX BY THIS INDICTMENT, ACCUSES THE DEFENDANTS OF THE CRIME OF CRIMINAL USE OF A FIREARM IN THE FIRST DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANTS, ACTING IN CONCERT WITH EACH OTHER, ON OR ABOUT JANUARY 26, 1994, IN THE COUNTY OF THE BRONX, DID COMMIT A "CLASS B" VIOLENT FELONY OFFENSE AND POSSESS A DEADLY WEAPON, THAT BEING A FIREARM, WHICH WAS A LOADED WEAPON FROM WHICH A SHOT, READILY CAPABLE OF PRODUCING DEATH OR OTHER SERIOUS INJURY, MAY HAVE BEEN DISCHARGED.

THE SUBJECT MATTER OF THIS COUNT IS AN ARMED FELONY AS THAT TERM IS DEFINED IN SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW.

SIXTH COUNT

THE GRAND JURY OF THE COUNTY OF THE BRONX BY THIS INDICTMENT, ACCUSES THE DEFENDANTS OF THE CRIME OF CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANTS, ACTING IN CONCERT WITH EACH OTHER, ON OR ABOUT JANUARY 26, 1994, IN THE COUNTY OF THE BRONX, DID POSSESS A LOADED FIREARM, THAT BEING A FIREARM, WITH INTENT TO USE UNLAWFULLY AGAINST ANOTHER.

THE SUBJECT MATTER OF THIS COUNT IS AN ARMED FELONY AS THAT TERM IS DEFINED IN SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW.

SEVENTH COUNT

THE GRAND JURY OF THE COUNTY OF THE BRONX BY THIS INDICTMENT, ACCUSES THE DEFENDANTS OF THE CRIME OF RECKLESS ENDANGERMENT IN THE FIRST DEGREE COMMITTED AS FOLLOWS:

THE DEFENDANTS, ACTING IN CONCERT WITH EACH OTHER, ON OR ABOUT JANUARY 26, 1994, IN THE COUNTY OF THE BRONX, UNDER CIRCUMSTANCES EVINCING A DEPRAVED INDIFFERENCE TO HUMAN LIFE, DID RECKLESSLY ENGAGE IN CONDUCT WHICH CREATED A GRAVE RISK OF DEATH TO ANOTHER PERSON BY SHOOTING AT ROBERT MILLER, KEVIN FINLAY AND ROOSEVELT LINDSAY WITH A HANDGUN.

THE SUBJECT MATTER OF THIS COUNT IS AN ARMED FELONY AS THAT TERM IS DEFINED IN SECTION 1.20 OF THE CRIMINAL PROCEDURE LAW.

EIGHTH COUNT

THE GRAND JURY OF THE COUNTY OF THE BRONX BY THIS INDICTMENT, ACCUSES THE DEFENDANT GERMAINE GREEN OF THE CRIME OF CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FOURTH DEG. COMMITTED AS FOLLOWS:

THE DEFENDANT, GERMAINE GREEN, ON OR ABOUT JANUARY 26, 1994, IN THE COUNTY OF THE BRONX, DID KNOWINGLY AND UNLAWFULLY POSSESS ONE OR MORE PREPARATIONS, COMPOUNDS, MIXTURES OR SUBSTANCES OF AN AGGREGATE WEIGHT OF ONE-EIGHT OUNCE OR MORE CONTAINING A NARCOTIC DRUG, THAT BEING COCAINE.

ROBERT T. JOHNSON
DISTRICT ATTORNEY

G R A N D   J U R Y   R E P O R T

C O U N T Y :   T H E   B R O N X

INDICTMENTS#            GRAND JURY # 40894/94  FINDING: INDICTED

| DEFENDANTS | CORRESPONDING DOCKETS |
| --- | --- |
| 1. GREEN, GERMAINE | 92X003832 |
| 2. BROWN, ORVILLE | 92X003834 |

INDICTMENT CHARGES:

ATTEMPTED MURDER IN THE SECOND DEGREE
   P.L. 110/125.25(1)      (   3 COUNTS )
ASSAULT IN THE FIRST DEGREE
   P.L. 120.10(1)
CRIMINAL USE OF A FIREARM IN THE FIRST DEGREE
   P.L. 265.09(1)
CRIMINAL POSSESSION OF A WEAPON IN THE SECOND DEGREE
   P.L. 265.03
RECKLESS ENDANGERMENT IN THE FIRST DEGREE
   P.L. 120.25
CRIMINAL POSSESSION OF A CONTROLLED SUBSTANCE IN THE FOURTH DEG.
   P.L. 220.09(1)

SCHEDULED ARRAIGNMENT DATE:

ARRAIGNMENT PART:

OTHER ASSOCIATED INDICTMENTS:

DATE COMPLETED: FEBRUARY 25, 1994

ADA: RAUL MARTINEZ

BUREAU: TRIAL DIVISION

**2**



| **Immigration and Naturalization Service** | | **Notice to Appear** |
|---|---|---|

**In removal proceedings under section 240 of the Immigration and Nationality Act**

| | | | | File No: | A41649372 |
|---|---|---|---|---|---|
| | | | | DIN#: | 96R0818 |

In the Matter of:

| Respondent: | Brown | Orville | Omar | | |
|---|---|---|---|---|---|
| A/K/A | Brown, Orville | | None | | currently residing at: |
| | Mohawk Correctional Facility | | Po Box 8450 | | |
| | 6100 School Rd | | Rome, NY | | |
| | (Number, street, city, state and ZIP code) | | | | |

[   ]    1. You are an arriving alien.

[   ]    2. You are an alien present in the United States who has not been admitted or paroled.

[X]    3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

## SEE ATTACHED I-831 FOR ALLEGATIONS

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

## SEE ATTACHED I-831 FOR CHARGES

[   ]    This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

[   ]    Section 235(b)(1) order was vacated pursuant to:    [   ] 8 CFR 208.30(f)(2)    [   ] 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

| Executive Office of Immigration Review | P.O. Box 800, Berme Road |
|---|---|
| Immigration Court | Napanoch, NY    12458 |
| | (Complete Address of Immigration Court, Including Room Number, if any) |

on      date, time and place to be set      to show why you should not be removed from the United States

     (Date)           (Time)

based on the charge(s) set forth above.

*Joseph Cahela*

(Signature and Title of Issuing Officer)
Institutional Removal Program Director

Date: July 21, 1999

New York, New York
(City and State)

Form I-862(Rev. 4/1/97)

## Notice to Respondent

* Warning: Any statement you make may be used against you in removal proceedings.

* Alien Registration: This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings.  You are required to carry it with you at all times.

* Representation: If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16.  Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel.  A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

* Conduct of the hearing: At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case.  If any document is in a foreign language, you must bring the original and a certified English translation of the document.  If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

* At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear.  You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

* You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily.  You will be given a reasonable opportunity to make any such application to the immigration judge.

* Failure to appear: You are required to provide the INS, in writing, with your full mailing address and telephone number.  You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding.  You will be provided with a copy of this form.  Notices of hearing will be mailed to this address.  If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing.  If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing.  I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____

(Signature of Respondent)

Date: _____

Before: _____

(Signature and Title of INS Officer)

### Certificate of Service

This Notice to Appear was served on the respondent by me on _____ ,in the following manner and in

(Date)

compliance with section 239(a)(1)(F) of the Act:

[ ]    in person    [ ]    by certified mail, return receipt requested    [ X ]    by regular mail

[ X ]    Attached is a list of organizations and attorneys which provide free legal services.

[ ]    The alien was provided oral notice in the    English    language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____    _____

(Signature of Respondent if Personally Served)    (Signature and Title of Officer)

Form I-862(Rev 4/1/97)

**U.S. Department of Justice**
Immigration and Naturalization Service                    Continuation Page for Form NTA

| Alien's Name | File Number | Date |
|---|---|---|
| BROWN, Orville Omar | A 41 649 372 | July 21, 1999 |

AKA: BROWN, Orville

## ALLEGATIONS:

1.   You are not a citizen or national of the United States;

2.   You are a native of Jamaica and a citizen of Jamaica;

3.   You were admitted to the United States at  New York, New York on or about February 26, 1988 as a Lawful Permanent Resident;

4.   You were Convicted of the crime of Criminal Possession of a Weapon in the Second Degree, to Wit; a Handgun, in violation of section 265.03 of the New York State Penal law, pursuant to a judgment entered on or about January 22, 1996, By the Supreme Court of the State of New York, County of Bronx, under indictment number 1005-94;

5.   You were Convicted of the crime of Assault in the Second Degree, in violation of section 120.05 of the New York State Penal law, pursuant to a judgment entered on or about January 22, 1996, By the Supreme Court of the State of New York, County of Bronx, under indictment number 1005-94;

6.   You were Convicted of the crime of Reckless Endangerment in the First Degree, in violation of section 120.25 of the New York State Penal law, pursuant to a judgment entered on or about March 23, 1999, By the Supreme Court of the State of New York, County of Bronx, under indictment number 1005-94;

7.   As a result of the above convictions you were sentenced to a term of imprisonment of at least one year or more.

| Signature | Title |
|---|---|
| | Institutional Removal Program Director |
| | PAGE # _____ |

Form I-831 Continuation Page (Rev. 4/1/97)

**U.S. Department of Justice**
Immigration and Naturalization Service                          Continuation Page for Form NAT

| Alien's Name | File Number | Date |
|---|---|---|
| BROWN, Orville Omar | A41 649 372 | July 13, 1998 |

AKA; BROWN, Orville;

## CHARGE:

Section 237(a)(2)(C) of the Immigration and Nationality Act, as Amended, in that, at any time after admission, you have been convicted under ant law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of the attempt or conspiring to purchase, sell, or accessory which is a firearm or destructive device, as defined in Section 921(a) of title 18, United States Code.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(F) of the Act. Pertaining to a crime of violence.

| Signature | Title |
|---|---|
|  | Institutional Removal Program Director |

PAGE #_____

Form I-831 Continuation Page (Rev. 4/1/97)

**3**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NAPANOCH, NEW YORK

File No.:     A 41 649 372                    March 13, 2000

In the Matter of
                              )
ORVILLE OMAR BROWN,           )
                              )    IN REMOVAL PROCEEDINGS
          Respondent          )

CHARGE:          Section 237(a)(2)(A)(iii) of the Immigration
                 and Nationality Act (the Act) — convicted of
                 an aggravated felony;

                 Section 237(a)(2)(C) of the Act — firearms
                 conviction

APPLICATIONS:    None

ON BEHALF OF RESPONDENT:        ON BEHALF OF THE SERVICE:

Richard Jones, Esquire          Ms. Buchannon, Esquire
                                Assistant District Counsel

ORAL DECISION OF THE IMMIGRATION JUDGE

The respondent is a male, native and citizen of Jamaica who

was admitted to the United States on or about February 26, 1988,

as a lawful permanent resident.  On or about January 22, 1996,

the respondent was convicted by the Supreme Court of the State of

New York, County of Bronx for the offenses of criminal possession

of a weapon in the second degree, that being a handgun, and for

assault in the second degree.  The respondent was also convicted

of the crime of reckless endangerment in the first degree.  As a

AMB

result of the above convictions, the respondent was sentenced to a term of imprisonment of at least one year or more.

On July 21, 1999, the Immigration and Naturalization Service (the Service) issued a Notice to Appear charging the respondent with removability pursuant to the above captioned provisions of the Act.  The respondent, through counsel, admitted the allegations of fact contained in the Notice to Appear and conceded removability.  On the basis of the respondent's admissions and the other records admitted into evidence I find that the respondent's removability has been established by the Government by clear and convincing evidence.  See Section 240(c)(3) of the Act.

The respondent has not made any applications for relief from removal and based upon his conviction and recent changes in the Immigration laws of this country the Court finds the respondent is statutorily ineligible for any form of relief from removal. The respondent is not eligible for cancellation of removal under Section 240A(a) of the Act because of his conviction of an aggravated felony.  The respondent is not eligible to adjust his status under Section 245 because he is already a lawful permanent resident who has been convicted of an aggravated felony, and therefore not not eligible for a 212(h) waiver which is a waiver that he would need.  The respondent is not eligible for political asylum or for withholding of removal because his crime is a particularly serious crime and that he has already been

A 41 649 372                    2                    March 13, 2000

AMB

incarcerated for over five years.  The respondent believes that
he should be eligible for a waiver of inadmissibility under
Section 212(c) of the Act, in that his offense occurred in 1994,
before the passage of the Anti-Terrorism bill and prior to
IIRAIRA.  However, the respondent is not in deportation
proceedings.  The respondent is in removal proceedings.  The
Government has the prosecutorial discretion as to when and where
to put the respondent in proceedings.  Also, the fact that the
respondent has served over five years in prison makes him
statutorily ineligible for the 212(c) waiver.  The respondent
would like to stay in this country because he has indicated that
he does not have any family or any means of support in Jamaica.
However, that is not a basis for relief.  The Court does not have
the authority to look into the respondent's equities.  The
respondent has not given the Court any basis to believe that he
would fear or that there is a possibility that he would be
tortured if he is returned to Jamaica.  Therefore, the Court does
not feel the respondent has any relief from removal and therefore
must order him removed from the United States.

    For all of the foregoing reasons, the following order shall
be entered:

ORDER

    IT IS HEREBY ORDERED that the respondent shall be removed
from the United States to Jamaica on the charges contained in the
Notice to Appear.

A 41 649 372                    3                    March 13, 2000

AMB

WARNING TO RESPONDENT: an order of removal has been entered against you.  If you fail to appear pursuant to an final order of removal at the time and place ordered by the Service, other then because of exceptional circumstanced beyond your control you will not be eligible for certain forms of relief under the Act (voluntary departure, cancellation of removal, adjustment of status or change of status) for 10 years after the date you were scheduled to appear.

_____
ADAM OPACIUCH
Immigration Judge

A 41 649 372                    4                    March 13, 2000

IMMIGRATION COURT
BERME ROAD  PO BOX 800
NAPANOCH, NY  12458

In the Matter of

                                        Case No.: A41-649-372
*S-BROWN, ORVILLE OMAR
   Respondent                      IN REMOVAL PROCEEDINGS
                                        96 A0 818
          ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Mar 13, 2000.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[ X ]  The respondent was ordered removed from the United States to
       JAMAICA ~~or in the alternative to~~
[   ]  Respondent's application for voluntary departure was denied and
       respondent was ordered removed to JAMAICA or in the
       alternative to                                            .
[   ]  Respondent's application for voluntary departure was granted until
            upon posting a bond in the amount of $ _____
       with an alternate order of removal to JAMAICA.
[   ]  Respondent's application for asylum was ( )granted  ( )denied
       ( )withdrawn.
[   ]  Respondent's application for withholding of removal was ( )granted
       ( )denied  ( )withdrawn.
[   ]  Respondent's application for cancellation of removal under section
       240A(a) was ( )granted  ( )denied  ( )withdrawn.
[   ]  Respondent's application for cancellation of removal was ( ) granted
       under section 240A(b)(1)   ( ) granted under section 240A(b)(2)
       ( ) denied  ( ) withdrawn.  If granted, it was ordered that the
       respondent be issued all appropriate documents necessary to give
       effect to this order.
[   ]  Respondent's application for a waiver under section _____ of the INA was
       ( )granted  ( )denied  ( )withdrawn or ( )other.
[   ]  Respondent's application for adjustment of status under section _____
       of the INA was ( )granted  ( )denied  ( )withdrawn.  If granted, it
       was ordered that respondent be issued all appropriate documents necessary
       to give effect to this order.
[   ]  Respondent's status was rescinded under section 246.
[   ]  Respondent is admitted to the United States as a _____ until _____.
[   ]  As a condition of admission, respondent is to post a $ _____ bond.
[   ]  Respondent knowingly filed a frivolous asylum application after proper
       notice.
[   ]  Respondent was advised of the limitation on discretionary relief for
       failure to appear as ordered in the Immigration Judge's oral decision.
[   ]  Proceedings were terminated.
[   ]  Other: _____.
       Date: Mar 13, 2000
       Appeal: ~~Waived~~/Reserved   Appeal Due By: Apr 12, 2000
         By Alien

                                   ADAM OPACIUCH
                                   Immigration Judge

MCP

**4**

0101v

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
U.S. IMMIGRATION COURT
201 Varick Street, Room 1140
New York, New York 10014

In the Matter of

_BROWN, Orville Omar_                    File No. A _41—649—372_
Respondent

On Behalf of Respondent:                 On Behalf of the Immigration Service:
_____Pro Se_____                         Litigation Section
_____                  Office of the District Counsel
_____                  201 Varick Street, Room 1130
                                         New York, New York 10014

ORDER OF THE IMMIGRATION JUDGE
DENYING REQUEST FOR REDETERMINATION OF CUSTODY STATUS

Respondent requested a redetermination of custody status and conditions as previously determined by
the Immigration & Naturalization Service. This request is subject to Section 236(c) of the Immigration
& Nationality Act, 8 U.S.C. Section 1226(c), as implemented by 8 C.F.R. 3.19 and 8 C.F.R. 236.1,
each as amended effective October 9, 1998 upon expiration of the "Transition Period Custody Rules."

The Court conducted a hearing on this date. Following consideration of the evidence and the
representations of counsel, the Court concluded that Respondent is not eligible for a redetermination of
custody status by this Court. That conclusion is based upon the facts and authorities noted below:

N/D Respondent is an "arriving alien". Since Respondent has arrived at the U.S. from a
foreign location, he is seeking "admission" to the U.S., which is defined as a "lawful entry ... after
inspection and authorization by an immigration officer". Section 101(a)(13)(A) of the Immigration Ac
8 U.S.C. Sec. 1101(a)(13)(A), as amended by the Illegal Immigration Reform and Immigrant
Responsibility Act, Publ. L. 104-208, 110 Stat. 3009 [hereinafter "IIRAIRA"].  As an applicant for
admission, the Respondent is considered to be an "arriving alien" as that term is defined in 8 C.F.R.
1.1(q) (1997). As an arriving alien, the Respondent is precluded from having his custody status
redetermined by the Immigration Court. 8 C.F.R. 236.1(c)(5)(i).

N/D Respondent is a lawful permanent resident of the U.S., who would not normally be
considered as an "arriving alien". However, Respondent is within one of the provisions of Section

101a)(13)(A) of the Act which requires that even an L.P.R. returning to the U.S. is considered to be an "arriving alien". Specifically, even a lawful permanent resident returning to the U.S. after a "brief, casual and innocent departure" is considered to be an applicant for admission if the resident "has committed an offense identified in Section 212(a)(2)" of the Immigration & Nationality Act, which includes the grounds of exclusion for criminal convictions. Section 101(a)(13)(C)(iv). The Court is satisfied that Respondent has been convicted of such a crime, as established by the record in the custody hearing. Therefore, the Court lacks jurisdiction of redetermine Respondent's custody status.

Respondent has a final conviction for an offense of within the scope of Section 236(c)(1) of the Immigration & Nationality Act. This Court therefore lacks jurisdiction to redetermine Respondent's custody status. See 8 C.F.R. 3.19(h)(2)(i)(D).

This Court lacks authority to consider any challenge to the constitutionality of the statutory and regulatory restrictions on Respondent's right to redetermination of the conditions of custody. Further, because this Court lacks jurisdiction to redetermine Respondent's custody status, the Court makes no findings as to Respondent's personal circumstances, likelihood to appear if released, or risk to the community if Respondent were released.

ORDER: Respondent's request for a redetermination of custody status is hereby DENIED for lack of jurisdiction.

Signed: _10-3-00_      _Alan Vomacka_

Alan Vomacka, Immigration Judge

Appeal: [Waived – final]    [Reserved by (Respondent) Service    Both – Due by _11-2-00_]

Summary of Essential Facts as Found by the Court:

JUST RELEASED FROM N.Y. STATE PRISON AFTER SERVING 40 MONTH MINIMUM FOR FELONY ASSAULT. CRIMINAL APPEAL WAS DISMISSED. NO BASIS FOR DERIVATIVE U.S.C. STATUS. REMOVAL CASE IS ON APPEAL TO B.I.A. (AV)

**5**

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of   Board of Immigration Appeals

Falls Church, Virginia 22041

File:   A41 649 372 - Napanoch

Date:   JAN 28 2002

In re:  ORVILLE OMAR BROWN

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Pro se

ON BEHALF OF SERVICE:    David V. Roy
Assistant District Counsel

CHARGE:

Notice:  Sec.   237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
Convicted of aggravated felony

Sec.   237(a)(2)(C), I&N Act [8 U.S.C. § 1227(a)(2)(C)] -
Convicted of firearms or destructive device violation

In a decision dated March 13, 2000, the Immigration Judge found the respondent removable as charged and ineligible for any form of relief from removal. The Immigration Judge ordered the respondent removed from the United States to Jamaica and the respondent appealed. The respondent's appeal will be sustained in part and dismissed in part, consistent with this order.

## I. ISSUE

The dispositive issues on appeal are: (1) whether the record contains clear and convincing evidence that the respondent is removable for either a "firearms offense" under section 237(a)(2)(C) of the Immigration and Nationality Act, 8 U.S.C. 1227 (A)(2)(C), or a "crime of violence (as defined in section 16 of Title 18, United States Code)" under § 101(a)(43)(F) of the Act; and (2) whether the respondent is eligible for any relief from removal.

## II. BACKGROUND

A 28-year-old native and citizen of Jamaica, the respondent was admitted to the United States as a lawful permanent resident on February 26, 1988. On January 22, 1996, after a non-jury trial, the respondent was convicted of criminal possession of a weapon in the second degree in violation of N.Y. Penal Law § 265.03, assault in the second degree in violation of N.Y. Penal Law § 120.05, and reckless endangerment in violation of N.Y. Penal Law § 120.25. The respondent was sentenced to 3 ½ to 10 years incarceration for these crimes.

A41 649 372

The Immigration and Naturalization Service issued a Notice to Appear alleging that these convictions rendered the respondent removable as an alien who has been convicted of an aggravated felony after admission and as an alien who has been convicted of a firearms offense. Sections 237(a)(2)(A)(iii) and 237(a)(2)(C) of the Act. The Immigration Judge found the respondent removable as charged on the basis of his admission and concession to the allegations and charges in the Notice to Appear, as amended to reflect that the conviction occurred on January 22, 1996. (Tr. at 22), and the evidence introduced into the record by the Service. (I.J. Dec. at 2). The Immigration Judge also found the respondent ineligible for any form of relief from removal due to his status as a lawful permanent resident and the nature of his convictions.

The respondent appealed, pro se, contending that the Immigration Judge erred in finding him removable as charged. He argues that his crimes preceded the amendment of the Act in 1996, that he is eligible for cancellation of removal since the Notice to Appear was issued after April 1, 1997, and that he is eligible for a waiver under section 212(c) of the Act.

### III. REMOVABILITY

We first determine whether the evidence of record is sufficient to establish that the respondent's convictions, in fact, render him removable for firearms and aggravated felony violations under sections 237(a)(2)(C) and (A)(iii) of the Act. *See* section 240(c)(3)(A) of the Act ("No decision on deportability shall be valid unless based on reasonable, substantial and probative evidence"). The conviction documents offered by the Service establish that the respondent was convicted under the New York state statutes alleged in the Notice to Appear. *See* section 240(c)(3) of the Act. However, the mere fact of conviction does not establish the nature of the crimes of which the respondent was convicted.

A concession of removability is sufficient to sustain a removal order only if the Immigration Judge is satisfied that "no issues of law or fact remain." *See* 8 C.F.R. 240.11 (emphasis added); *see also* section 240(c)(3)(A), *supra*. Such issues of law and fact exist in this case, as each of the statutes under which the respondent was convicted "encompasses a wide range of behaviors" that may affect whether the offense constitutes a violation of the Act. *Matter of Sweetser*, Interim Decision 3390, at 7 (BIA 1999).[1]

*Matter of Sweetser, supra,* plainly requires that when "the generic elements of which the respondent was convicted [are] unclear," the record of conviction must be examined to determine the offense of which the respondent actually was convicted. *Id.* at 7, citing *United States v. Taylor*, 495 U.S. 575, 602 (1990); *see also United States ex rel. Zaffarano v. Corsi*, 63 F.2d 757, 758 (2d Cir. 1933) (remanding to consider an indictment, because second degree assault did not "inherent[ly]" involve moral turpitude since the statute could encompass crimes that both did and did not involve moral turpitude). In addition, since the time of the Immigration Judge's decision, the United States

---

[1] The respondent did not gain any tactical advantage by conceding removability, but instead may have foreclosed a valid avenue of inquiry into a complex legal question. *Cf. Ali v. Reno*, 22 F.3d 442, 443 (2d Cir. 1994) (finding that alien is bound by procedural admissions of attorney); *Matter of Velasquez*, 19 I&N Dec. 377 (BIA 1986)(finding that an admission made as a tactical decision is binding on the respondent).

A41 649 372

Court of Appeals for the Second Circuit, in which this case arises, issued *Dalton v. Ashcroft*, 257 F.3d 200, 205-08 (2d Cir. 2001), significantly affecting the applicability of the Board's analysis of offenses that constitute crimes of violence under section 16(b) as articulated in *Matter of Puente*, Interim Decision 3412 (BIA 1999). *See id.* at 205-208 (emphasizing that the "use" of "physical force" under 18 U.S.C. § 16(b) refers to intentional employment of violent force, and is distinct from the risk of physical injury).

      Accordingly, we find it both necessary to review the Immigration Judge's determination that the respondent is removable as charged. 8 C.F.R. 3.1(d) (authorizing the Board to act as appropriate and necessary to resolve the case).[2] We conclude that the evidence establishes that the respondent has been convicted of a firearms offense under section 237(a)(2)(C) of the Act, but does not establish that he is removable as charged for an aggravated felony under section 101(a)(43)(F) of the Act.

### A. Firearms offense under section 237(a)(2)(C)

      Section 237(a)(2)(C) of the Act requires that a firearms offense must have as an element the purchase, sale, offer, exchange, use, possession, or carriage of a weapon, and the weapon must qualify as a firearm under 18 U.S.C. § 921(a). *See Matter of Perez-Contreras*, 20 I&N Dec. 615 (BIA 1992). The respondent was convicted of criminal possession of a weapon in the second degree in violation of N.Y. Penal Law § 265.03, which states that "[a] person is guilty of criminal possession of a weapon in the second degree when, with intent to use the same unlawfully against another, [h]e possesses a machine gun . . . a loaded firearm, or . . . a disguised gun." *Id.* The statutory language of the state provision establishes that possession of a gun is an element of the offense. *See People v. Brooks*, 2000 NY Slip Op. 04967 (May 18, 2000); *People v. Hart*, 266 A.D. 2d 589 (N.Y. 1989). *See also* N.Y. Penal Law § 265.00 (defining such guns as firearms under 18 U.S.C. § 921(a)). Therefore, we find that the record contains clear and convincing evidence that the respondent was convicted of a firearms violation as defined in section 237(a)(2)(C) of the Act, and we affirm the Immigration Judge's finding that the respondent is removable on this charge.

### B. Aggravated felony offense under section 101(a)(43)(F)

      Section 101(a)(43)(F) defines a crime of violence by reference to section 16 of title 18 of the United States Code. Under 18 U.S.C. 16(a), an offense constitutes a crime of violence if it has as an element the use, attempted use or threatened use of physical force against the person or property of another. *Matter of Sweetser, supra,* at 5. An "element" of a criminal offense must be proved to sustain a conviction, such as the actus reus, mens rea, and causation. *See* Black's Law Dictionary 424 (Abridged 7th ed. 2000); *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998) (citations omitted);*United States v. Wilson*, 951 F.2d 586, 589 (4th Cir. 1991) (ruling that "the court simply reads the statutory or common law definitions . . . to see whether they list as an element the 'use. . .of physical force'").

---

[2] The respondent did not gain any tactical advantage by conceding removability, but instead foreclosed a valid avenue of inquiry into a complex legal question. *Cf. Ali v. Reno*, 22 F.3d 442, 443 (2d Cir. 1994)(finding that alien is bound by admissions of attorney); *Matter of Velasquez*, 19 I&N Dec. 377 (BIA 1986)(finding that an admission made as a tactical decision is binding).

A41 649 372

In the absence of evidence that the respondent was convicted under Penal Law §§ 120.05 (2) or (4), we cannot conclude that the Service has demonstrated that the respondent was convicted of an offense that qualifies as a crime of violence under 18 U.S.C. § 16(b). *See* Section 240(c)(3)(A) of the Act. We acknowledge that the indictment in the respondent's case charges him with shooting at 3 individuals with a handgun. *See* Exh. 3. However, the question is not whether the respondent *committed* a crime of violence, but whether he was *convicted* of this type of crime. *See* Section 237(a)(2)(A)(iii) of the Act. Neither the Sentence and Commitment nor the other conviction records indicate under which subsection of N.Y. Penal Law § 120.05 the respondent was convicted. There is, therefore, insufficient information to support the conclusion that the respondent was actually convicted of assault with a deadly weapon or dangerous instrument. *Cf.* Section 240(c)(30(A) (requiring clear and convincing evidence).

## 2. Reckless Endangerment in the First Degree

We also must conclude that the respondent's conviction for reckless endangerment in the first degree in violation of N.Y. Penal Law § 120.25 is not a crime of violence under section 101(a)(43)(F) of the Act. Section 120.25 of the New York Penal Law states that "[a] person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person."

Like the statutory provision defining assault in the second degree, this provision does not contain any language to suggest that the use, attempted use, or threatened use of force is an element of the offense. *Cf.* 18 U.S.C. § 16(a). Even assuming that the indictment is correct in reporting that the respondent threatened others with a handgun, we determine the character of alleged conduct or retry the offense. *See Matter of B-, supra; Matter of Khalik,* 17 I&N Dec. 518 (BIA 1980). A conviction for endangerment only constitutes an offense defined in 18 U.S.C. § 16(a) if the crime of which the respondent was actually convicted has as an element the use, attempted use or threatened use of force. As defined under New York law, reckless endangerment does not contain such elements.

In addition, the Second Circuit specifically referred to the crime of reckless endangerment as an example of an offense that would not necessarily constitute a crime of violence under § 16(b). *Dalton v. INS, supra.* at 207 ("crimes of gross negligence or *reckless endangerment,* such as leaving an infant alone near a pool, involve a risk of injury without the use of force") (emphasis added). We cannot conclude on this record that the respondent's conviction for reckless endangerment constitutes a crime of violence as defined in 18 U.S.C. § 16(b). *See* Section 240(c)(3)(A) of the Act.

## 3. Criminal Possession of a Weapon in the Second Degree

We also must conclude that a conviction for possession of a weapon in the second degree under New York Penal law § 265.03 does not qualify as a crime of violence as defined in section 101(a)(43)(F) of the Act. First, the statutory reference to possession of certain guns and firearms with the intent to use such unlawfully against another does not refer explicitly to the use, attempted use, or threatened use of physical force. *See People v. Coluccio,* 566 N.Y.S.2d 87 (N.Y. App. Div. 1991); *People v. Evans,* 483 N.Y.S.2d 339 (N.Y. App. Div. 1984). *Cf.* 18 U.S.C. § 16(a).

6

A41 649 372

Second, although possession of a weapon in the second degree is a class C felony that is punishable by a term of imprisonment not to exceed 15 years, it does not constitute a crime of violence as defined in 18 U.S.C. § 16(b). An individual may be convicted of this crime in the absence of any evidence of an underlying crime or unlawful use of the weapon. *People v. Evans, supra.* An offender can be found guilty simply by carrying a gun for later use in an unlawful manner. *See People v. Coluccio, supra* (finding that intent element could be inferred from circumstances, which included possession of a loaded gun, and an admission that the individual had the gun for purpose of protecting money and cocaine). Accordingly, we cannot conclude that this offense involves a substantial risk that physical force will be used against the person or property of another *in the course of committing the offense, See Dalton v. Ashcroft, supra; cf.* 18 U.S.C. § 16(b).

We do not find that the respondent's convictions have been shown to be for offenses that constitute crimes of violence. We therefore reverse the Immigration Judge's finding that the respondent is removable as an aggravated felon under section 237(a)(2)(A)(iii) of the Act.

## III. ELIGIBILITY FOR RELIEF FROM REMOVAL

In reaching the conclusion that the respondent is not deportable as charged based on a conviction for an aggravated felony offense, we note that our reversal does not provide a basis for terminating these proceedings since the respondent is still removable under section 237(a)(2)(C) of the Act. We conclude that the respondent is not eligible for any relief from removal.

The record reflects that the respondent was admitted as a lawful permanent resident on February 26, 1988 and was convicted on January 22, 1996. However, the indictment to which the respondent pled guilty, indicates that the offense was committed on January 24, 1994. This precludes the respondent from being eligible for cancellation of removal under section 240A(a)(1) of the Act. See section 240A(a)(1) (providing that the respondent must have resided in the United States continuously for 7 years after his admission).

Section 240A(d) of the Act provides explicitly that such a period of residence following a lawful admission is "deemed to end" at the time an alien *has committed* an offense referred to in section 212(a) that renders him removable under 212(A) of 237(a)(2) or (4). *Id.* Since the respondent committed the offense in 1994, his period of continuous residence ended over 1 year before he would have had the 7 years needed to establish statutory eligiblity.

We also note that the respondent does not fall within the class of aliens who are eligible for section 212(c) relief under *INS v. St. Cyr,* 121 S.Ct. 2271 (2001) (ruling that the 1996 amendments to section 212(c) do not apply to aliens who pled guilty to an offense for which they might have applied for a waiver under section 212(c) of the Act). As the respondent did not plead guilty, but was convicted after a non-jury trial, and, as he was convicted of a firearms offense, he would be ineligible for a section 212(c) waiver. *See Matter of Davis,* Interim Decision 3439 (BIA 2000). Accordingly, he is not eligible to apply for section 212(c) under the Supreme Court's ruling.

ORDER:  The appeal is sustained in part and dismissed in part.

7

Case 2:02-cv-02808-JK   Document 9-2   Filed 10/17/2002   Page 32 of 37

A41 649 372

    FURTHER ORDER: The decision of the Immigration Judge ordering the respondent removed from the United States is affirmed.

FOR THE BOARD

U.S. Department of Justice
Executive Office for Immigration Review

Decision of Board of Immigration Appeals

Falls Church, Virginia 22041

File:  A41 649 372-Naponoch

Date:

In re:  ORVILLE OMAR <u>BROWN</u>

JAN 2 8 2002

<u>DISSENTING OPINION</u>: Gustavo D. Villageliu, Board Member

I respectfully dissent.

On January 26, 1994 the respondent was arrested for shooting at 3 individuals with a handgun. He was charged in an indictment with several counts of attempted murder, reckless endangerment, and criminal use, and possession of a weapon. On January 22, 1996, he was convicted of second degree assault, reckless endangerment and criminal possession of a weapon, as discussed below. The majority concludes that he was not convicted of a crime of violence. I disagree.

## THE RECORD OF CONVICTION

The record reflects that the respondent was convicted of assault in the second degree in violation of N.Y. Penal Law § 120.05, reckless endangerment under N.Y. Penal Law § 120.25 and criminal possession of a weapon (Group Exh. 2). The indictment on February 25, 1994, also alleged attempted murder, and assault in the first degree, a greater assault offense, but the conviction was clearly for the lesser second degree offense. Compare N.Y. Penal Law §120.10. If that was the only charge, the majority's conclusion that the record did not sufficiently establish a crime of violence may be more convincing. However, the record of conviction reflects that the conviction was also for a contemporaneous criminal possession of a weapon in violation of New York Penal §265.03, and reckless endangerment; and that a handgun was involved. In fact, the endangerment consisted of the respondent shooting 3 individuals with his handgun. This clearly was a crime of violence.

The majority engages in a selective tour of New York law citing instances of how each of these 3 offenses can separately be committed, arguably without the use of force[1], or a substantial risk that force will be used against the person or property of another in the commission of a crime. The majority's analysis ignores the fact that the respondent's conviction was for 3 contemporaneous offenses of endangering 3 individuals, assaulting them by shooting them with a handgun he criminally possessed.

---

[1]The majority opinion asserts that a second degree assault, ordering another person to cause serious injury, is not a crime of violence. See <u>People v. Moore</u>, 172 A.D.2d 854 (N.Y. 1991). It also equates the second degree assault conviction for <u>knowingly</u> placing an infant in scalding water in <u>People v. Durkin</u>, 132 A.D.2d 668 (N.Y. 1987), with the negligent child abuse conviction in <u>Matter of Sweetser</u> Interim Decision 3390 (BIA 1990), for the same proposition. The latter misplaced analogy ignores the crucial fact that in <u>Sweetser</u> the perpetrator carelessly left a child unattended in the bathtub, whereas in <u>Durkin</u> the perpetrator intentionally placed the child in scalding water. I believe that ordering a victim to be injured, as well as placing a child in scalding water are crimes of violence where force is used against a victim.

# DISCUSSION

In the present case the issue is whether the respondent was convicted of a crime of violence aggravated felony and is therefore deportable under section 237 (a)(2)(A)(iii) of the Act, 8 U.S.C.§ 1227 (a)(2)(A)(iii). It is undisputed that the issue before us is whether the conviction qualifies as a crime of violence under 18 U.S.C. § 16(a) or (b) for which the term of imprisonment is at least one year. See section 101(a)(43)(f) of the Act, 8 U.S.C§ 1101 (a)(43)(f).

It is also undisputed that the respondent's three and one half to ten year term of imprisonment meets the statutory minimum for such an offense. I believe that the record also contains clear and convincing admissible and material evidence that the respondent's conviction is an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another". The respondent's conviction for contemporaneously endangering 3 individuals was for shooting with a handgun at these three individuals according to the indictment. The majority inexplicably states that "the conviction records do not provide any information regarding the specific acts for which the respondent was convicted". I disagree. The allegation that the respondent endangered 3 individuals by shooting them with a handgun is very specific.

Under these facts, admissible under 8 C.F.R. § 240.7, the record sufficiently established by clear and convincing evidence that the respondent was convicted of a crime of violence. I can not understand how the majority concludes that shooting 3 individuals with a handgun does not require the use of force. The Service met its burden of proof.

Gustavo D. Villageliu
Board Member

**6**

To be completed by Service officer executing the warrant:

Name of alien being removed: **BROWN, Orville Omar**

FILE COPY

Port, date and manner of removal: PHI   13 JUN 02   AIR JAMAICA #044



Photograph of alien removed



Right Index fingerprint of alien removed

_Orville B_____
(Signature of alien being fingerprinted)

_____ DEO
(Signature and title of INS official taking print)

**WISS**        WISS

Departure witnessed by:        _Paul D Bur_____ DEO_
                                    (Signature and title of INS official)

If actual departure is not witnessed, fully identify course or means of verification of departure:

_____

_____

_____

_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here.   ☐

Departure Verified by:        _____
                                    (Signature of INS official)

R2C

Form I-205 (Rev 4-1-97) N

**U.S. Department of Justice**

Immigration and Naturalization Service

# Warning to Alien Ordered Removed or Deported

File No: __A 41 649 372__

Date: __May 06, 2002__

Alien's full name: __BROWN, Orville Omar__

In accordance with the provisions of section 212(a)(9) of the immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☐ For a period of 5 years from the date of your departure from the United States because you have been found inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

☒ For a period of 10 years from the date of your departure from the United States because you have been found:

  ☒ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

  ☐ deportable under section 241of the Act and ordered removed from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

  ☐ deportable under section 237of the Act and ordered removed from the United States in accordance with section 238 of the Act by an immigration officer, a judge of a United States district court, or a magistrate of a United States magistrate court.

☐ For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported or removed from the United States, you have been found:

  ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

  ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

  ☐ deportable under section 237of the Act and ordered removed from the United States in accordance with section 238 of the Act

  ☐ deportable under section 241of the Act and ordered removed from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

☐ At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted or a crime designated as an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service. Refer to the above file number when requesting forms or information.

**WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt o enter or be found in the United States during the period in which he or she is barred from so doing without the Attorney Generals consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.**

_____ WESS          _____        Philadelphia, PA
(Signature of officer serving warning)              (Title of officer)              (Location of INS office)

Form I-294 (4-1-97)N


