IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORVILLE BROWN | : | |
|     Petitioner | : | |
| | : | |
|     v. | : | CIVIL ACTION |
| | : | |
| IMMIGRATION AND | : | NO. 02-2808 |
| NATURALIZATION SERVICE, et al. | : | |
|     Respondent. | : | |

## **ORDER**

AND NOW on this _____ day of _____, 2003, upon consideration of the Government's Supplemental Response to Petitioner's Writ of Habeas Corpus, and any response thereto, it is hereby ORDERED that the Petition is dismissed with prejudice.

_____
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORVILLE BROWN | : | |
|    Petitioner | : | |
| | : | |
|    v. | : | CIVIL ACTION |
| | : | |
| IMMIGRATION AND | : | NO. 02-2808 |
| NATURALIZATION SERVICE, et al. | : | |
|    Respondent. | : | |

### GOVERNMENT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS

The United States of America, by its attorneys, Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, and Susan Becker, Assistant United States Attorney for the District, on behalf of respondent, the Immigration and Naturalization Service ("the Service"), files this supplemental response in opposition to the petitioner's writ of habeas corpus.

On January 7, 2003, this Court remanded the above-captioned case to the Board of Immigration Appeals ("BIA") for further explanation of the BIA's January 22, 2002 removal order with regard to the "stop-time" rule in 8 U.S.C. § 1229b(a). As it turns out, the BIA had already issued a decision on March 19, 2002, in response to Mr. Brown's motion to reopen proceedings, that addressed the issued raised by this Court's Order. (See Exhibit A). However, it appears that this decision was not successfully delivered to the parties. (See BIA decision dated March 6, 2003, fn. 2, attached as Exhibit B). On March 6, 2003, in response to this Court's January 7, 2003 Order, the BIA issued another decision further clarifying its decision to deny the motion to reopen Orville Brown's immigration proceedings. (Id.).

The BIA decision on March 19, 2002 vacated its January 28, 2002 decision. The BIA found that it had erred in previously deciding that Brown had not committed a crime of violence. The BIA found that Brown's second degree assault conviction did constitute a crime of violence, and that both his weapons offense and his assault offense were aggravated felonies as defined by 8 U.S.C. § 1101(a)(43)(F). (See Exhibit A, pp. 2-3). An aggravated felon is ineligible for cancellation of removal, regardless of the application of the stop-time rule. See 8 U.S.C. § 1229b(a)(3)(alien convicted of an aggravated felony is ineligible for cancellation of removal). In light of these BIA decisions, Brown has no further basis to challenge his final order of removal.

For the foregoing reasons, the government respectfully requests that the Court dismiss the Petition with prejudice.

    Respectfully,

    PATRICK L. MEEHAN
    United States Attorney

Dated: April 30, 2003

    VIRGINIA A. GIBSON
    Assistant United States Attorney
    Chief, Civil Division

    SUSAN R. BECKER
    Assistant United States Attorney
    615 Chestnut Street, Suite 1250
    Philadelphia PA 19106-4476
    (215) 861-8310 Telephone
    (215) 861-8349 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of April, 2003, I caused a true and correct copy of the foregoing Government's Supplemental Response to Plaintiff's Petition for Writ of Habeas Corpus to be served by first class mail, postage prepaid, upon the following:

>Orville Brown
>c/o Office of District Counsel
> Immigration and Naturalization Service
>1600 Callowhill Street, 4th
>Philadelphia, PA 19130
>
>Pro se petitioner

_____
Susan R. Becker