# EXHIBIT A

U.S. Department of Justice
Executive Office for Immigration Review

RUSH

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A41 649 372 - Napanoch

Date: MAR 1 9 2002

In re: ORVILLE OMAR BROWN

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Pro se

CHARGE:

Notice: Sec. 237(a)(2)(A)(iii), I&N Act [8 U.S.C. § 1227(a)(2)(A)(iii)] -
Convicted of aggravated felony

Sec. 237(a)(2)(C), I&N Act [8 U.S.C. § 1227(a)(2)(C)] -
Convicted of firearms or destructive device violation

APPLICATION: Reconsideration

This case was last before the Board on January 28, 2002, when we found the respondent removable as an alien who had been convicted of a firearms violation and determined that he was ineligible for relief from removal. The respondent has now filed a motion asking us to reconsider that ruling. The motion will be granted, and our earlier ruling will be vacated. The respondent will be ordered removed from the United States to Jamaica.

I. BACKGROUND

The respondent is a native and citizen of Jamaica. He entered the United States as an immigrant on February 26, 1988. On January 22, 1996, after a non-jury trial, he was convicted of criminal possession of a weapon in the second degree under N.Y. Penal Law § 265.03, assault in the second degree under N.Y. Penal Law § 120.05, and reckless endangerment under N.Y. Penal Law § 120.25. The respondent was sentenced to 3 ½ to 10 years incarceration for these crimes.

II. REMOVABILITY

Based on the respondent's convictions, the Immigration and Naturalization Service charged him with removability as an aggravated felon and as an alien who had been convicted of a firearms offense. The respondent, through counsel, conceded removability as charged (Tr. at 22), and the Immigration Judge

found him removable on the basis of his concessions and the evidence of record (I.J. at 2). In our earlier ruling, we found that the respondent's concession of removability was not sufficient to sustain a finding of removability. We also found that the Service had not presented enough evidence to show that the respondent's convictions for criminal possession of a weapon in the second degree, assault in the second degree, and reckless endangerment were not crimes of violence under 18 U.S.C. § 16(b). Accordingly, we concluded that the respondent was not removable as an aggravated felon. Nevertheless, we found that the respondent was not eligible for cancellation of removal because his weapons offense ended his period of continuous residence before he could accrue the 7 years necessary to qualify for relief.

In his motion, the respondent challenges our finding that he is statutorily ineligible for cancellation of removal due to his failure to accrue 7 years continuous residence. His arguments are correct. *See Matter of Campos-Torres*, Interim Decision 3428 (BIA 2000). But we cannot conclude that this fact makes him eligible to apply for cancellation of removal as he claims. We instead must reexamine our ruling that the respondent's convictions were not convictions for aggravated felonies.

In our earlier decision, we found that the Service had not met its burden of showing that the respondent had been convicted of a crime of violence as defined in 18 U.S.C. § 16(b). Upon our review, however, we find that this ruling was in error. The evidence of record *does* show that the respondent's convictions for criminal possession of a weapon in the second degree and assault in the second degree are crimes of violence under 18 U.S.C. § 16(b). The indictment in the respondent's criminal case charges that the respondent "did possess a loaded firearm ... with intent to use unlawfully against another" in violation of N.Y. Penal Law § 265.03. *See* Exhibit 3. This offense is a felony and, by its nature, it involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. *See* 18 U.S.C. § 16(b).

The respondent's conviction for second degree assault is also a conviction for a felony that, by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. The respondent was originally charged with attempted murder and assault in the first degree, but he was convicted of assault in the second degree under N.Y. Penal Law § 120.05. His conviction records do not specify the precise subsection under which he was convicted, but his offense must have been a lesser included offense of the crimes for which he was charged. *See People v. Mahoney*, 505 N.Y.S.2d 694 (2nd Dept. 1986); N.Y. Crim. Pro. § 1.20(37) (defining lesser included offense); *see also People v. Graham*, 394 N.Y.S.2d 982 (4th Dept. 1977) (holding that, before court may charge lesser included offense, it must be satisfied that offense meets statutory definition of lesser included offense of crime charged in the indictment and that a reasonable view of the evidence would support a finding that the defendant committed the lesser included offense, but did not commit the greater).

The only provisions of N.Y. Penal Law § 120.05 which meet this requirement are subsections (1), (2), or (4). *See* N.Y. Crim. Pro. § 1.20(37) (stating that "when it is impossible to commit a particular crime without concomitantly committing by the same conduct another offense of lesser grade or degree, the latter is, with respect to the former, a "lesser included offense"). Subsections (1) and (2) require that an individual act with intent to cause physical injury to another and that he or she actually cause physical injury to another before he or she may be convicted of second degree assault. Subsection 4 requires that an

A41 649 372

individual recklessly cause serious physical injury to another by means of a deadly weapon or a dangerous instrument before he or she may be convicted of second degree assault. These offenses all, by their nature, involve a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. The offenses therefore qualify as crimes of violence under 18 U.S.C. § 16(b). And the respondent's conviction for second degree assault was a conviction for a crime of violence.

Since the respondent was sentenced to a term of imprisonment of at least 1 year for both his criminal possession of a weapon offense and his assault offense, both of these crimes are aggravated felonies under section 101(a)(43)(F) of the Act. The respondent therefore is removable as an aggravated felon, and the Immigration Judge was correct to sustain this charge. Moreover, the Immigration Judge was correct to find the respondent statutorily ineligible for relief from removal. *See e.g.* Section 212(h) of the Act, 8 U.S.C. § 1182(h) (stating that lawful permanent resident who has been convicted of aggravated felony is ineligible for a waiver); section 240A(a)(3) (stating that an alien who has been convicted of an aggravated felony is ineligible for cancellation of removal). Given these facts, we vacate our earlier ruling in the respondent's case, and we affirm the Immigration Judge's decision ordering the respondent removed from the United States to Jamaica.

ORDER: The motion to reconsider is granted, and our order dated January 28, 2002 is vacated.

FURTHER ORDER: The respondent is ordered removed from the United States to Jamaica.

_Frederick D. Hess_
FOR THE BOARD

3

# EXHIBIT B

U.S. Department of Justice                    Decision of the Board of Immigration Appeals
Executive Office for Immigration Review

Falls Church, Virginia 22041

File: A41 649 372 - Napanoch              Date:
                                                    MAR - 6 2003
In re: ORVILLE OMAR BROWN

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Pro se

ON BEHALF OF SERVICE: Kent J. Frederick, District Counsel

ORDER:

PER CURIAM. The Immigration and Naturalization Service ("the Service," now the Department of Homeland Security, "DHS") has filed a motion requesting reopening of these proceedings to address a January 7, 2003, decision by the United States District Court for the Eastern District of Pennsylvania on the respondent's petition for writ of habeas corpus. The court ordered that the respondent's petition for writ of habeas corpus is stayed pending remand of the case to the Board for further proceedings. The Service provided a copy of the court's order, which found that remand was necessary for explanation and discussion on the issue whether the respondent committed an offense that stopped the further accrual of continuous residence for purposes of relief under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a).

It is apparent that the court was not advised by either party that, on March 19, 2002, a three-member panel of the Board had issued a decision on the respondent's February 25, 2002, motion to reconsider the January 28, 2002, removal order. Our March 19, 2002, decision vacated the January 28, 2002, removal order that was the subject of the court's order.[1] The record shows that a copy of our March 19, 2002, decision was mailed to both parties.[2] In our March 19, 2002, decision, we addressed the very issue that is the subject of the court's remand order. We agreed with the respondent that he had not committed an offense that cut off his continuous residence. *See Matter of Campos-Torres*, 22 I&N Dec. 1289 (BIA 2000). Therefore, he is not ineligible for cancellation of removal based on the operation of the "stop-time" rule of section 240A(d)(1). However, upon reconsideration, we determined in our March 19, 2002, decision that the respondent's second degree assault conviction is a crime of violence aggravated felony and that he is removable and ineligible for cancellation of removal on that basis. *See* sections 101(a)(43)(F), 240A(a)(3).

---

[1] The respondent neither advised the court that he had filed a motion to reconsider with the Board on February 25, 2002, nor was the Board ever advised, as required under 8 C.F.R. § 3.2(e), that his earlier removal order was the subject of a judicial proceeding.

[2] There is an annotation in our data base that the decision was not successfully delivered. Accordingly, an additional copy of the March 19, 2002, decision will be provided with this order.

A41 649 372

We find no basis for reopening proceedings because the court's order was premised on a Board decision that had already been vacated and because our subsequent decision addressed the issue for which the court remanded the record and decided the case on alternate grounds.[3] Accordingly, the motion to reopen is denied.

*Edward R. Grant*
FOR THE BOARD

---

[3] We note that the court determined that it had jurisdiction notwithstanding the fact that the Service had already removed the respondent to Jamaica. With respect to our own jurisdiction over the motion, 8 C.F.R. § 3.2(d) does not appear to apply to motions filed by the Service.

2