```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| ORVILLE BROWN, | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| IMMIGRATION & NATURALIZATION | : | |
| SERVICE, | : | |
|     Respondent. | : | No. 02-CV-2808 |

**MEMORANDUM AND ORDER**

**J. M. KELLY, J.**                                  **MAY     , 2003**

Presently before the Court is the Supplemental Response to pro se Petitioner Orville Brown's ("Brown") Writ of Habeas Corpus filed by the Immigration and Naturalization Service ("INS").[1] INS' response seeks to resolve the inconsistencies in the legal analysis of the January 22, 2002 removal order issued by the Board of Immigration Appeals ("BIA").  In that order, the BIA refused, inter alia, relief in the form of cancellation of removal pursuant to Section 240A of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1229b, because Brown, a legal permanent resident, had not resided in the United States continuously for seven years after his admission, as is required for Section 240A relief.  In making its decision, the BIA applied the "stop time" provision set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), codified at 8 U.S.C. § 1228, which halts the accrual

---

[1] The full factual and procedural history of this case is contained in our January 7, 2003 Memorandum and Opinion.

time for the seven-year continual residency requirement necessary to qualify for cancellation of removal.

On May 11, 2002, Brown sought habeas corpus review of the BIA's January 22, 2002 order of removal. On January 7, 2003, this Court remanded the removal order to the BIA for clarification of which offense Brown committed that triggered IIRIRA's "stop-time" rule and precluded relief under Section 240A. However, neither Brown nor the INS was aware that the BIA had addressed this very issue on March 19, 2002, in response to Brown's motion to reopen deportation proceedings. This Court was never informed of this BIA decision.[2] The BIA, in the March 19, 2002 order, vacated its January 28, 2002 decision and concluded that the "stop-time" rule did not apply, but nevertheless determined that Brown was precluded from Section 240A relief since his second-degree assault conviction constituted a crime of violence, and that both his weapons offense and his assault offense were aggravated felonies. Since an aggravated felon is ineligible for cancellation of removal, regardless of whether the "stop-time" rule applies, the BIA concluded that Brown was not eligible for cancellation of removal relief.

---

[2] Although the BIA's docket indicates that the parties were notified of its decision, INS contends that it was not successfully delivered to either party. This decision was brought to the attention of the INS on March 6, 2003 in response to our remand order and we have no reason to doubt this contention.

After reviewing the BIA's March 19, 2002 order, we conclude that our concerns prompting remand are satisfied and find that Brown is indeed ineligible for cancellation of removal relief since his second-degree assault conviction qualifies as an aggravated felony pursuant to IIRIRA.  See Darius v. INS, No. Civ. A. 01-8015, 2002 U.S. Dist. LEXIS 18039, at *7-8 (S.D.N.Y. Sept. 23, 2002) (finding that second-degree assault under New York law is an aggravated felony).  Under IIRIRA's framework, cancellation of removal is warranted only when a lawfully admitted permanent resident, who is deportable from or inadmissible to the United States, has not been convicted of any aggravated felony.  8 U.S.C. § 1229b(d).[3]  Thus, we find that Brown's conviction for second-degree assault is an aggravated felony, and, as such, he is disqualified from relief under IIRIRA.  Accordingly, Brown's Petition for Writ of Habeas Corpus is **DENIED**.

BY THE COURT:

_____

---

[3] Cancellation of removal is warranted when a lawfully admitted permanent resident, who is deportable or inadmissible from the United States,:

    (1) has been an alien lawfully admitted for permanent residence for no less than five years,
    (2) has resided in the United States continuously for seven years after having been admitted in any status, and
    (3) has not been convicted of any aggravated felony.
8 U.S.C. § 1229b(d).

JAMES McGIRR KELLY, J.

JAMES McGIRR KELLY, J.